J-S06008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL C. SCUSSELLE | |
| Appellant | No. 396 MDA 2015 |

Appeal from the Judgment of Sentence January 28, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008648-2013

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED MARCH 08, 2016**

Appellant, Michael C. Scusselle, appeals from the judgment of sentence entered in the Court of Common Pleas of York County. No relief is due.

A detailed recitation of the facts of this case is unnecessary to our disposition. Briefly, on February 26, 2015, Appellant filed a notice of appeal from the judgment of sentence entered following his conviction of Criminal Attempt – Rape of a Child, Indecent Assault of a Person Less than 13 Years of Age, and Corruption of Minors.[1] On March 4, 2015, the trial court entered an order directing Appellant to file a Rule 1925(b) concise statement of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a); 3126(a)(7); and 6301(a)(1), respectively.

matters complained of on appeal within 21 days. On March 23, 2015, Appellant filed Rule 1925(b) statement in which he raised a single issue: "The verdict of the jury is against the weight of the evidence." Now, on appeal, Appellant argues only that his convictions are against the *sufficiency* of the evidence. **See** Appellant's Brief at 4.

In **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005), our Supreme Court reaffirmed the bright-line rule announced in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), requiring appellants to require with trial court orders for a Rule 1925(b) statement. The decision in **Lord** made it clear that any issues not raised in a Rule 1925(b) statement will be deemed waived. **See** 719 A.2d at 309. The **Castillo** Court expressly disapproved of prior decisions that carved out exceptions to that rule. **See** 888 A.2d at 780.

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In **Presque Isle Downs**, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. **Id**. (citation omitted).

Instantly, Appellant's Rule 1925(b) statement did not include the sole issue now raised on appeal, that the Commonwealth presented insufficient

evidence to support his convictions. Accordingly, Appellant has waived this issue on appeal.  ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016